ELECTRONIC

**Dec. 31, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

ADRIANA SILVA,

          **PLAINTIFF,**

vs.

**COUNTRYWIDE HOME LOANS, INC.,**
**DOES 1-100 AND TRUSTEES 1-100,**

          **DEFENDANTS.**
_____/

Case No.: **08-CV-62098-Zloch-Snow**

### COMPLAINT FOR RESCISSION OF MORTGAGE AND DAMAGES

Plaintiff, Adriana Silva, (hereinafter "the Plaintiff"), by and through undersigned counsel, sues; Countrywide Home Loans, Inc., Does 1-100 and Trustees 1-100 (hereinafter "the Defendants"), and states as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over the parties and subject matter herein, because the subject property is located in the State of Florida.

2.     This Court has jurisdiction over the claims pursuant to (a) The Federal Truth-in-Lending Act, 15 U.S.C. §1601, et. seq. (hereinafter, "TILA"), and (b) the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 et. seq. (hereinafter, "RESPA").

3.     This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1337.

4.     Supplemental jurisdiction is proper of the state law claims set forth herein under 28 U.S.C. § 1367(a).

5.     Venue is proper under 28 U.S.C. § 1391(b)(2); and 28 U.S.C. § 1391(c), as the Plaintiffs' property and the property secured by the Note and Mortgage at issue, is located at

3800 NE 12th Avenue, Pompano Beach, FL 33064, (hereinafter, "the "Property"), which is within this District. Further, the Defendants conducted business within this District, and the acts and transactions that constitute the violations of law, including the Defendants fraudulent bait and switch conduct, fraudulent high pressure closing and the failure to disclose material information regarding the subject mortgage loan as required by both TILA and RESPA, occurred in this District.

## GENERAL ALLEGATIONS

6.    The Plaintiff is a borrower who entered into a consumer credit transaction (hereafter described as the "Mortgage Loan") with Defendants for a principal amount of $210,000.00, and are otherwise sui juris.

7.    The Defendants, are and were at all times material to a banking financial institution, mortgage company and/or loan servicing provider incorporated in the State of New York with its principal place of business at 4500 Park Granada Blvd., Calabasas, CA 91302.

8.    The Defendant, Countrywide Home Loans, Inc., is and was at all times material, a banking financial institution, mortgage company and/or loan servicing provider registered to do business in the State of Florida.

9.    The Defendants Does 1-100 are and were at all times material, to a banking financial institution, mortgage company and/or loan servicing provider registered to do business in the State of Florida.

10.    The Defendants, Trustees 1-100 are and were at all times material, to a banking financial institution, mortgage company and/or loan servicing provider registered to do business in the State of Florida.

11.     The Defendants, individually and/or through its agents and brokers originate mortgage loans throughout the United States, including Broward County, Florida which is within the District of this Court.

12.     The Defendants operate as a mortgage lender, servicer and/or broker. The Defendants through various nationwide brokers and agents directly markets, advertises, solicits, brokers and/or services mortgage loans.

13.     At all times relevant hereto, the Defendants regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed, by written agreement, is payable in more than four installments, and are the persons to whom the mortgage loan, which is the subject of this action, are payable, making Defendants creditors within the meaning of 15 U.S.C. §§ 1601, 1602(t) and Regulation Z § 226.2(a)(17).

14.     The Defendants individually and/or through its agents and/or brokers prepare and completes loan applications for mortgage loans, including the mortgage loan issued to the Plaintiff.  As part of the completion of the lending process, the Plaintiff's loan application is submitted to the Defendants' underwriters for approval.

15.     Plaintiff applied for a mortgage loan with the Defendants.

16.     On or about May 10, 2007, the Plaintiff closed on the mortgage loan for a principal amount of $210,000.00.

17.     Pursuant to the mortgage loan transaction, the Defendants retained and/or acquired a security interest in the Property.

18.     During the application process and prior to the closing of the loan, the Plaintiff provided the Defendants with verification of income, including but not limited to, bank

3

statements and other information regarding the Plaintiff's household income including oral verification of income in the amount of $1,650.00 per month.

19.     The Defendants individually and/or through its broker and/or agent that facilitated the loan transaction, fraudulently increased and grossly overstated the Plaintiff's income qualifying the Plaintiff for a higher loan than their verifiable income could support.

20.     The Defendants individually and/or through brokers and/or agents used a fraudulent bait and switch tactic. Stating that the loan terms were substantially and materially more competitive at the time of the initial application on through to the day of closing, where the title agent rushed the Plaintiff to execute the documents. The Plaintiff had only minutes to look over and understand over one hundred (100) pages of documents. When the Plaintiff began to ask questions about the mortgage documents being signed, Plaintiff was told what the new mortgage terms would be. Plaintiff did not agree to these terms and not all of the terms were clearly disclosed at the time. Further, the Plaintiff was told that if the documents were not signed that day that the money would be forfeited and that Plaintiff would be responsible for the payment of other financial obligations, which included the loss of the application fees and deposit along with the obligation to pay other amounts associated with the transaction.

21.     The mortgage loan was designated by the Defendants as loan number 168960052.

22.     Before the settlement date, Defendants did not provide the Plaintiff with the correct and timely preliminary disclosures required by TILA at 12 CFR §§ 226.4, 17, 18, and 12 CFR §§ 226.5 and 226.5(b), or any other correct preliminary disclosures as required by RESPA at 12 U.S.C. § 2604(c).

23.    The Defendants did not timely provide the Plaintiff with an executed copy of the Good Faith Estimate ("GFE") of the anticipated costs associated with the mortgage loan, as required by RESPA, 12 U.S.C. § 2603; 12 CFR § 3500.7.

24.    Defendants failed either, before, during and/or after the closing of the mortgage loan to provide the Plaintiff with true and accurate copies of important documents, including, but not limited to, copies of the Lock-In Agreements executed between the lender's agent and the lender, copies of the original application submitted to the lender that generated the approval and copies of other pertinent documents that were executed by the Plaintiff at or before the closing.

25.    The charges identified above are each violations of TILA, RESPA, and Florida statutes in that they resulted in Plaintiff paying excess fees and interest for services that were either never performed, improperly disclosed or excessive.

26.    At no time did the Defendants provide the Plaintiff with a contract or agreement setting forth the improper charges. The Plaintiff is not in possession of the original handwritten loan application taken at the time of the application allegedly manipulated and held by the Defendant at the time of closing.

27.    Nothing in the loan applications disclose or authorized the improper charges.

28.    The Defendants did not provide the Plaintiff with a copy of the HUD-1 at the time of closing or 24 hours prior to closing.

29.    This made it impossible for Plaintiff to be fully informed of the true cost of the loan, or understand the fees and charges.

30.    The Plaintiff did not understand and were not previously disclosed that they would receive LIBOR + 6.5%.

5

31.    Pursuant to TILA and RESPA, Defendants had an obligation to Plaintiff to disclose all material facts concerning the mortgage loan transaction that might affect the Plaintiff's decision to accept the loan.

32.    Defendants established a pattern and practice of harming the Plaintiff, in that during the entire life of the mortgage loan transaction, Defendants have not correctly credited payments or calculated interest on the account due to the inaccurate disclosures.

33.    Defendants knew that the accounting of the transaction was not accurate and that the Plaintiff was unaware that the interest was inaccurately calculated and collected.

34.    The Plaintiff did make payments based on the account and paid too much as a result.

35.    The Defendants provided the Plaintiff with a home loan with a monthly payment amount that caused the Plaintiff's debt to income ratio to exceed fifty percent (50%).

36.    The Defendants knew or should have known that providing the Plaintiff with a loan that exceeded a debt-to-income ratio of fifty percent (50%) would greatly increase the likelihood of the Plaintiff failing to make monthly payments.

37.    The Defendants provided the Plaintiff with excessively high loan-to-value financing for the Property and that left no cushion for declining home prices and greatly limiting the ability of the Plaintiff to refinance.

38.    The Defendants placed the Plaintiff into a mortgage loan making it impossible for the Plaintiff to refinance, because if home prices fell and credit markets tightened with additional costs to refinance added along with prepayment penalties the loan request would be denied.

39.     As a result of the Defendants providing the Plaintiff with a mortgage loan that had an excessive debt-to-ratio, an excessively high loan-to-value, along with an unknown and undisclosed prepayment penalty.

40.     The Defendants knew or should have known that the Transactions would fail if the housing market declined, making the loan unfair and deceptive under Florida law and insufficiently explained under TILA.

41.     As a result of the Plaintiff's inability to negotiate a reasonable loan modification, the Plaintiff stopped making payments under the mortgage loan and asserted the claims.

42.     A creditor is prohibited from making negative reports to consumer reporting agencies regarding a borrower who is disputing the accuracy of payments made to the lender, as required by the Fair Credit Reporting Act (the FCRA"), 15 U.S.C. §§ 1681, 16810 et seq. and RESPA, 12 U.S.C. § 2605(e)(3).

43.     The Defendants have made negative reports of the Plaintiff credit, causing financial harm, and in violation of FCRA and RESPA.

## COUNT I - VIOLATION OF RESPA, 12 U.S.C § 2601 ET SEQ., AND HUD'S REGULATION X (24 C.F.R. § 3500).

Plaintiff re-adopts and re-alleges each and every allegation contained in paragraphs 1-43 of the Complaint as if fully set forth below, and further states as follows:

44.     The Defendants individually and/or through its brokers and/or agents provided the Plaintiff with the Good Faith Estimate (hereafter "GFE") with respect to the subject mortgage loan.

45.     The GFE failed to timely provide the Plaintiff with full disclosure regarding the nature and the cost of the loan in violation of the RESPA, 12 U.S.C. § 2601, et. seq. and 24 C.F.R. § 3500 et. seq.

7

46.     In violation of RESPA, 12 U.S.C. § 2604(c), and 24 C.F.R. §3500.7(b) and (c), the Defendants failed to provide the Plaintiff with a GFE disclosing the amount or range of settlement charges with respect to the subject loan within three (3) days of the loan application.

47.     In violation of RESPA, 12 U.S.C. § 2605(b) and (c), and 24 C.F.R. § 3500.7(c), the Defendants failed to provide the Plaintiff with the required fifteen (15) day notice of change of loan servicer upon the assignment of the loan.

48.     As a direct and proximate result of the Defendants' violation of and/or failure to comply with the disclosure requirements of RESPA and HUD's Regulation X, as set forth above, the Plaintiff has suffered the following damages:

> (a)     Actual damages for all unnecessarily high settlement charges incurred by the Plaintiff due to the Defendants' failure to comply with RESPA, 12 U.S.C. § 2604(c) C.F.R. § 3500 et. seq.
>
> (b)     Attorneys' fees and costs pursuant to 12 U.S.C. § 2605(t) (3).

**WHEREFORE**, the Plaintiff demands judgment for damages against the Defendants for actual and/or consequential damages, attorneys' fees and costs.

## COUNT II - RESCISSION OF MORTGAGE IN VIOLATION OF THE TRUTH-IN-LENDING ACT ("TILA") PRIOR TO CLOSING

The Plaintiff re-adopts and re-alleges each and every allegation contained in paragraphs 1-49 of the Complaint above as if fully set forth below, and further states as follows:

49.     TILA, 15 U.S.C. § 1638(b) (1) mandates timely written disclosures of financing terms.

50.     Federal Reserve Board of Governors Official Staff Commentary to Regulation Z, § 226. 1 7(a)-(b), Supp.1. paras.. 17(a) and 17(b), interpreting TILA, state in relevant part:

17(a) Form of Disclosures

Paragraph 17(a) (1)

    1.    Clear and conspicuous. This standard requires that disclosures be in a reasonably understandable form. For example ... the disclosures must be presented in a way that does not obscure the relationship of the terms to each other.

***

Paragraph 17(a) (2)

    3.    Disclosures provided on credit contracts. Creditors must give the required disclosures to the consumer in writing, in a form that the consumer may keep, before consummation of the transaction.

***

17(b) Time of Disclosures

    1.    Consummation. As a general rule, disclosures must be made before consummation of the transaction.

***

226.19(a) (1)

    1.    Time of Disclosures. In a residential mortgage transaction subject to the Real Estate Settlement Procedures Act (12 U.S.C. § 2601 et. seq.) the creditor shall make good faith estimates of the disclosures required by section 226.18 before consummation, or shall deliver or place them in the mail not later than three business days after the creditor receives the consumer's written application, whichever is earlier.

9

51.     The execution of the mortgage loan transaction on or about May 10, 2007, constituted the consummation of a consumer credit sale under TILA. 15 U.S.C. § 1602(g) and (h).

52.     The Plaintiff never received the TILA disclosures in a form they could review. The first time they received TILA disclosures was at closing.

53.     Defendants violated well-established Federal law by failing to properly deliver all disclosures as required by TILA, RESPA and Regulation Z. 15 U.S.C. § 1638(b) (1); 12 U.S.C. § 2604; and Reg.Z § § 226.17 and 226.18.

54.     The Plaintiff suffered actual damages as a result of the Defendants' failure to provide the Plaintiff with copies of their loan documents and TILA disclosures.

55.     The Plaintiff was deprived of important financial information and was unable to make an informed decision about the credit provided to the Plaintiff.  As a result of failing to provide the Plaintiff with a copy of the retail installment contract prior to consummation, the Plaintiff was misled as to the true cost of their financing.

56.     Prior to the closing for the subject mortgage loan, the Truth-in-Lending Disclosure Statement that was provided to the Plaintiff by the Defendants was not clear and conspicuous.

The inaccurate material disclosure regarding all loan charges associated with the mortgage loan is in violation of TILA, 15 U.S.C. § 1601 et. seq., and its implementing Regulation Z, 12 C.F.R. Part 226. Specifically, the Disclosure Statement failed to adequately disclose the following:

(a)     The annual percentage rate to be charged for the loan pursuant to TILA; 15 U.S.C. § 601 et. seq., and Regulation Z, 12 C.F.R. Part 226.18(e); and/or

(b)     The finance charge(s) for the loan pursuant to TILA, 15 U.S.C. § 601 et. seq., and Regulation Z, 12 C.F.R. Part 226.18(d); and/or

(c)     The amount financed pursuant to TILA, 15 U.S.C. § 601 et. seq., and Regulation Z, 12 C.F.R. Part 226.18(b); and/or

(d)     The total payments pursuant to TILA, 15 U.S.C. § 601 et. seq., and Regulation Z, 12 C.F.R. Part 226.18(h); and/or

(e)     The payment schedule pursuant to TILA, 15 U.S.C. § 601 et. seq., and Regulation Z, 12 C.F.R. Part 226.18(g).

57.     The Defendants individually and/or through its agents and/or brokers further violated TILA, 15 U.S.C. § 601 et. seq., and Regulation Z, 12 C.F.R. Part 226 by engaging in the following pre-closing activities:

a.  Artificially inflating the Plaintiff's gross income to qualify them for a higher loan amount than their income could support; and/or failing to deliver a HUD-1 Settlement Statement to the Plaintiff within twenty-four (24) hours prior to closing of the loan; and/or

b.  Failing to deliver a HUD-1 Settlement Statement to Plaintiff within twenty-four (24) hours prior to closing of the loan; and/or

c.  Failing to disclose to the Plaintiff other closing expenses at the time the loan was closed.

58.     The Plaintiff has complied with all conditions precedent to the bringing of this action.

59.     Upon information and belief, Plaintiff has suffered damages in an amount in excess of $75,000.00

60.     As a result of the Defendants' breaches, Plaintiff has retained the legal services of attorneys and is entitled to recover reasonable attorneys' fees and costs of this litigation.

61.     As a direct and proximate result of the Defendants' failure to provide the Plaintiff with clear and accurate material disclosure regarding all charges associated with the subject mortgage loan in violation of TILA, 15 U.S.C. § 1601 et. seq., and Regulation Z, 12 C.F.R. Part 226, the Plaintiff has been damaged and is entitled to the following damages:

(a)     Rescission of the mortgage; and

(b)     The voiding of the Defendants security interest in the Plaintiff's property that is subject to the existing mortgage; and

(c)     Actual damages for the amounts incurred by the Plaintiff due to the Defendants' violation of TIL A, 15 U.S.C. § 601 et. seq., and Regulation Z, 12 C.F.R. Part 226, including but not limited to, the reimbursement of all mortgage payments, finance charges and interest paid to date by the Plaintiff. The reimbursement of the monies paid to the Defendants by the Plaintiff regarding the subject mortgage loan; and

(d)     Attorneys' fees and cost; and

(e)     All other damages the Court deems just, proper and equitable.

**WHEREFORE**, the Plaintiff demands judgment for damages against the Defendants for rescission of the mortgage, actual and consequential damages, and attorneys' fees and costs.

Plaintiff respectfully requests that the Court enter judgment against the Defendants, awarding Plaintiff damages in the amount prescribed by law, awarding attorneys' fees and costs, including the fees and costs associated with litigating this claim, and granting such further relief as the Court deems just and proper.

## COUNT III - VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FDUTPA), § 501.201 ET. SEQ., FLA. STAT.

Plaintiff re-adopts and re-alleges each and every allegation contained in paragraphs 1-61 of the Complaint as if fully set forth below and further states the following:

62.     This is an action for damages brought pursuant to Florida's Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes (2007)("FDUTP A").

63.     Defendant, Countrywide Home Loans, Inc. at all times material hereto, provided goods and/or services as defined within Section 501.203(8), Florida Statutes (2007).

64.     Defendants, Does 1-100 at all times material hereto, provided goods and/or services as defined within Section 501.203(8), Florida Statutes (2007).

65.     Defendants, Trustees 1-100 at all times material hereto, provided goods and/or services as defined within Section 501.203(8), Florida Statutes (2007).

66.     Defendants, Countrywide Home Loans, Inc. at all times material hereto, solicited consumers within the definitions of Section 501.203(7), Florida Statutes (2007).

67.     Defendants, Does 1-100 at all times material hereto, solicited consumers within the definitions of Section 501.203(7), Florida Statutes (2007).

68.     Defendants, Trustee 1-100 at all times hereto, solicited consumers with the definitions of Section 501.203(7), Florida Statues (2007).

69.     At all times relevant hereto, the Defendants controlled the documents underlying the mortgage loan transaction, as well as the fees, charges and expenses related thereto.

13

70.     To foster a culture of loan approvals regardless of the borrowers' capacity to pay, Defendants compensated its underwriters with bonuses. Defendants' underwriters therefore had incentives to approve as many loans as possible, regardless of credit risk.

71.     Defendants' had no procedures or rigid guidelines on how loans were to be approved. It was the underwriters' responsibility to make the loan work, regardless of whether or not the loan fit the professed underwriting standards.

72.     Defendants made loans to borrowers when they knew or should have known that the borrowers would not be able to repay the loan due to excessive interest rate and terms that were unaffordable based on the Plaintiff's actual income and obligations, as disclosed by the Plaintiffs at the time of the initial application.

73.     In furtherance of its policy to place the generation of consumer loans (and maximization of its profits) above concerns about the consumers' ability to meet their loan obligations, Defendants made material misrepresentations to consumers relating to its LIBOR + 6.5% by:

      a.  Misrepresenting that the loan they received would excessively enrich the Defendant; and/or

      b.  Misrepresenting that the interest rates on the loans as being the best possible loan that Plaintiff could receive with Plaintiff's credit score; and/or

      c.  Misrepresenting the manner and degree in which payments would substantially increase the Plaintiff's monthly obligations subsequent to the closing, and/or;

      d.  Employing and advertising extremely low rates and payments at the time of accepting the initial application, and then failing to properly disclose the final

14

terms that the Plaintiff's until the actual closing. The terms received were beyond the capacity the Plaintiff's income and asset qualifications, given the financial income/information provided from the Plaintiff to the Defendants.

74. The aforesaid misrepresentations were either direct and/or the result of hiding and/or the material terms were not sufficiently disclosed to the consumer prior to the closing of the loans.

75. Defendants failed to afford borrowers the opportunity to avail themselves to alternate loan options, certain of which carried lower rates of interest, margins and prepayment alternatives or loan choices. Thus, Defendants made loans to borrowers when they knew or should have known that the borrowers were qualified for alternate loans at lower rates of interest or not qualified for the loan that they were ultimately provided.

76. Defendants violated Chapter 501, Part II, Florida Statutes (2007) in part by representing to borrowers that the Defendants' review of the loan applications, either expressly or implied, was done in accordance with underwriting standards to confirm that the borrowers were able to repay the loans pursuant to its terms.

77. Defendants violated Chapter 501, Part II, Florida Statutes (2007), in part by representing to borrowers that the Defendants' closing and funding of the borrowers' loan mortgages, either expressly or implied, confirmed that the borrowers were able to repay the loans pursuant to its terms.

78. But for the misrepresentations of Defendants' services in the consumer lending transaction with Plaintiff, Plaintiff would not have sustained any related damages and would not have entered into the mortgage loan transaction.

79.    Defendants stand responsible for those misrepresentations and the related damages by virtue of its claim of owning and holding the notes and related lien(s) under the mortgage loan transaction.

80.    The Defendants' violation and/or failure to comply with the disclosure requirements of RESPA and HUD's Regulation X, in combination with the fraudulent inflation of Plaintiff's income, constitute an unfair and deceptive business practice under FDUTPA, Fla. Stat. §501.203 et. seq.

81.    The Defendants' violation and/or failure to provide the Plaintiff with clear and accurate material disclosure regarding all charges associated with the subject mortgage loan, and the Defendants other actions in violation of TILA, 15 U.S.C. § 1601 et. seq., and Regulation Z, 12 C.F.R. Part 226, and knowingly inflating Plaintiff's income to meet the underwriting requirements to secure the loan, constitute an unfair and deceptive business practice under FDUTPA, Fla. Stat. §501.203 et. seq.

82.    As a direct and proximate result of the Defendants' unfair and deceptive business practice under FDUTPA, Fla. Stat. § 501.203 et. seq., the Plaintiff has been damaged, and is entitled to the following damages:

(a)    Actual Damages sustained by the Plaintiff, due to the unfair and deceptive business practices of Defendants; and

(b)    Attorneys' fees and costs pursuant to 501.211(2); and

(c)    To grant such further relief as this honorable Court deems just and proper.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment against the Defendants, awarding Plaintiff damages in the amount prescribed by law, awarding attorneys'

fees and costs, including the fees and costs associated with litigating this claim, and granting such further relief as the Court deems just and proper.

## COUNT IV - SECOND VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FDUTPA), § 501.201 ET. SEQ., FLA.STAT.

Plaintiff re-adopts and re-alleges each and every allegation contained in paragraphs 1-82 of the Complaint as if fully set forth below, and further states the following:

83.    The Defendants provided the Plaintiff with (a) a home loan with a monthly payment amount that caused the Plaintiff's debt-to-income ratio to exceed fifty percent (50%); (b) excessive loan-to-value financing for the property, allowing no cushion for declining home prices, and (c) at prepayment penalty, causing the cost to refinance the Property to exceed the present value of the home.

84.    As a result of the Defendants providing the Plaintiff with a home loan that had excessive debt-to-income ratios, excessive loan-to-value financing and a prepayment penalty, the mortgage loan transaction was unfair, insomuch as the success of the loan relied upon the fair market value of the property consistently increasing or the income of the Plaintiff increasing dramatically during the life of the mortgage loan and not in the Plaintiff's ability to repay the loan when it closed.

85.    The Defendants knew or should have known that the mortgage loan transaction would fail, making the loan unfair under Florida law and insufficiently explained under TILA.

86.    But for the misrepresentations of terms and bases for issuing the loan, Plaintiff would not have sustained any related damages.

87.    The Defendants are responsible for the damages caused by its unfair lending practices that it knew, or should have known, would lead to the Plaintiff's inability to repay or refinance the Transaction.

17

88. Plaintiff has suffered damages in an amount in excess of $75,000.00.

89. As a result of the Defendants' breaches, Plaintiff has retained the legal services of attorneys and is entitled to recover reasonable attorneys' fees and costs of this litigation.

**WHEREFORE,** Plaintiff respectfully request that the Court enter judgment against the Defendants, awarding Plaintiff damages in the amount prescribed by law, awarding attorneys' fees and costs, including the fees and costs associated with litigating this claim, and granting such further relief as the Court deems just and proper.

### COUNT V - FRAUD

Plaintiff re-adopts and re-alleges each and every allegation contained in paragraphs 1-89 of the Complaint as if fully set forth below, and further states the following:

90. Defendants individually and/or through or its agents made the following statements to Plaintiff that were false and misleading prior to the closing of the mortgage loan at Issue:

    a) The annual percentage rate to be charged for the loan; and/or

    b) The finance charge(s) for the loan; and/or

    c) The amount financed; and/or

    d) The total payments; and/or

    e) The payment schedule; and/or

    f) Length of loan and any adjustable rates; and/or

    g) Loss of deposit; and/or

    h) Rate lock being lost; and/or

    i) Ensuring that it was the best loan possible or only loan available.

18

91.     Defendants individually and/or through its agents and/or brokers knew that the statements and terms set forth prior to closing were false and/or materially misleading.

92.     Defendants' intent in making these false and material misleading statements was to induce the Plaintiff to act on them and accept the terms of the loan transaction.

93.     Plaintiff relied on these false and misleading statements of the Defendants in consummating the loan transaction, which resulted in their financial injury and their being unable to satisfy the terms of the loan.

94.     As a result, Plaintiff has been damaged in an amount that must be determined by the Court.

**WHEREFORE,** Plaintiff respectfully request(s) the Court award damages in an amount to be determined by the Court, attorneys' fees and costs and grant such other and further relief that this court deems just and proper.

## COUNT VI - RESCISSION

Plaintiff re-adopts and re-alleges each and every allegation contained in paragraphs 1-94 of the Complaint as if fully set forth below, and further states the following:

95.     As a direct result of the fraudulent and misleading loan transaction set forth above, Plaintiff and Defendants entered into a contract for a loan and pledged a security interest in the property using a mortgage as collateral for the loan.

96.     The Defendants' actions as stated above constitute fraud and entitles Plaintiff to a rescission of the mortgage and cancellation of said security interest and mortgage on the property.

97.     Plaintiff has no adequate remedy at law.

19

**WHEREFORE,** Plaintiff respectfully requests a rescission of the mortgage and the cancellation of the security interest on its property, attorney's fees and costs and for this honorable Court to grant such other and further relief that it deems just and proper.

## COUNT VII - BREACH OF CONTRACT
## AND FAILURE TO ACT IN GOOD FAITH

Plaintiff re-adopts and re-alleges each and every allegation contained in paragraphs 1-96 of the Complaint as if fully set forth below, and further states the following:

98.     Fla. Statutes § 679, et seq., requires that Defendants act in good faith when dealing with the Plaintiff.

99.     Fla. Statutes § 679.625 provides remedies for a secured party's failure to comply with article 679 and states:

> (1) If it is established that a secured party is not proceeding in accordance with this chapter, a court may order or restrain collection, enforcement, or disposition of collateral on appropriate terms and conditions. This subsection shall not preclude a debtor other than a consumer and a secured party, or two or more secured parties in other than a consumer transaction, from agreeing in an authenticated record that the debtor or secured party must first provide to the alleged offending secured party notice of a violation of this chapter and opportunity to cure before commencing any legal proceeding under this section.

> (2) Subject to subsections (3), (4), and (6), a person is liable for damages in the amount of any loss caused by a failure to comply with this chapter, including damages suffered by the debtor resulting from the debtor's inability to obtain, or increased costs of, alternative financing, but not including consequential, special, or penal damages, unless the conduct giving rise to the failure constitutes an independent claim under the laws of this state other than this chapter and then only to the extent otherwise recoverable under law.

> (3)Except as otherwise provided in s. 679.628:
>     (a) A person who, at the time of the failure, was a debtor, was an obligor, or held a security interest in or other lien on the collateral may recover damages under subsection (2) for the person's loss; and

>     (b) If the collateral is consumer goods, a person who was a debtor or a secondary obligor at the time a secured party failed to comply with this part may recover for that failure in any event an amount not less than the credit service

20

charge plus 10 percent of the principal amount of the obligation or the time-price differential plus 10 percent of the cash price.

100. Defendants' failure to disclose and provide Plaintiff with a market loan has caused the Plaintiff harm.

101. Defendants' unwillingness to negotiate the Plaintiff's home loan in good faith has caused the Plaintiff harm.

102. As a result of the Defendants' failure to act in good faith and give proper disclosures as outlines above, Defendants breached the agreements among the parties. As a result, Plaintiff have suffered injury including damages for pain and suffering and emotional distress. The injuries are continuing in nature.

103. Upon information and belief, the amounts of Plaintiff's damages are currently unknown and will be established at the time of trial, but are approximately $75,000.00.

104. As a result of Defendants' breaches, Plaintiff has retained the legal services of attorneys and is entitled to recover reasonable attorneys' fees and costs of this litigation.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment against the Defendants, awarding Plaintiff damages in the amount prescribed by law, awarding attorneys' fees and costs associated with litigating this claim, and granting such further relief as the Court deems just and proper.

## COUNT VIII - VIOLATION OF THE FAIR CREDIT REPORTING ACT

Plaintiff re-adopts and re-alleges each and every allegation contained in paragraphs 1-104 of the Complaint as if fully set forth below, and further states the following:

105. At all relevant times in this lawsuit, Defendants qualified as providers of information to credit reporting agencies under the FCRA and reported negative marks against the Plaintiff.

21

106.    The Defendants knew the Plaintiff was disputing the mortgage loan transaction, yet the Defendants made negative reports on the Plaintiff's credit report.

107.    Plaintiff is entitled to maintain a separate cause of action against Defendants for an award of damages in an amount to be proven at the time of trial for all violations of FCRA which caused actual damage to the Plaintiff, including emotional distress and humiliation, under 15 U.S.C. § 1681s-2(b).

108.    Plaintiff is entitled to recover damages from Defendants for negligent noncompliance under 15 U.S.C. § 16810.

109.    Plaintiff is entitled to recover damages from Defendants for making negative reports under FCRA and RESPA.

110.    Plaintiff is entitled to an award of punitive damages against Defendants for willful non-compliance under 15 U.S.C. § 1681n(a)(2).

111.    Plaintiff has suffered damages in an amount of not less than $75,000.00.

112.    As a result of Defendants' breaches, Plaintiff has retained the legal services of attorneys and is entitled to recover reasonable attorneys' fees and costs of this litigation.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment against the Defendants, awarding Plaintiff damages in the amount prescribed by law, awarding attorneys' fees and costs associated with litigating this claim, and granting such further relief as the Court deems just and proper.

## COUNT IX – DEFENDANT(s) MAY NOT BE THE OWNERS OF THE NOTE AND MORTGAGE

Plaintiff re-adopts and re-alleges each and every allegation contained in paragraphs 1-112 of the Complaint as if fully set forth below, and further states the following

22

113.    Plaintiff believes that Defendants may not be in possession of the note and mortgage underlying the mortgage loan transaction.

114.    Defendants may not have standing to collect any monies owed under the mortgage loan transaction. See, In re Foreclosure Cases, Case No. 1 :07-cv-02282-CAB (N.D.OH dated October 31, 2007) (finding that without legal title to the residence, the lenders did not have standing to pursue their claims).

115.    Plaintiff has suffered damages in an amount in excess of $75,000.00.

116.    As a result of Defendants' breaches, Plaintiff has retained the legal services of attorneys and is entitled to recover reasonable attorneys' fees and costs of this litigation.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment against the Defendants, awarding Plaintiff damages in the amount prescribed by law, awarding attorneys' fees and costs associated with litigating this claim, and granting such further relief as the Court deems just and proper.

## COUNT X - BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff re-adopts and re-alleges each and every allegation contained in paragraphs 1-116 of the Complaint as if fully set forth below, and further states the following:.

117.    There exists in law and all contracts a covenant of good faith and fair dealing.

118.    The Defendants breached their covenant of good faith and fair dealing as relating to the mortgage loan agreements by engaging in conduct described in this Complaint.

119.    As a direct and proximate result of the Defendants' misconduct, Plaintiff has suffered actual, special, and consequential damages in excess of $75,000.00.

120.    As a result of Defendants' breaches, Plaintiff has retained the legal services of attorneys and is entitled to recover reasonable attorneys' fees and costs of this litigation.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment against the Defendants, awarding Plaintiff damages in the amount prescribed by law, awarding attorneys' fees and costs associated with litigating this claim, and granting such further relief as the Court deems just and proper.

## COUNT XI - UNJUST ENRICHMENT

Plaintiff re-adopts and re-alleges each and every allegation contained in paragraphs 1-120 of the Complaint as if fully set forth below, and further states the following:

121. The Defendants charged the Plaintiff a yield spread premium, and as a result, the Plaintiff has paid an undetermined amount in excess interest.

122. The Defendants are therefore in possession of money that belongs to the Plaintiff and has deprived Plaintiff of its possession, use and enjoyment.

123. As a direct and proximate result of the Defendants' misconduct, Plaintiff has suffered actual, special, and consequential damages in excess of $75,000.00.

124. As a result of Defendants' breaches, Plaintiff has retained the legal services of attorneys and is entitled to recover reasonable attorneys' fees and costs of this litigation.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment against the Defendants, awarding Plaintiff damages in the amount prescribed by law, awarding attorneys' fees and costs associated with litigating this claim, and granting such further relief as the Court deems just and proper.

## COUNT XII - DECLARATORY RELIEF

Plaintiff re-adopts and re-alleges each and every allegation contained in paragraphs 1-124 of the Complaint as if fully set forth below, and further states the following:

125.    The mortgage loan transaction between the parties set forth the respective rights and obligations of the various parties.

126.    Plaintiff is entitled to a declaration from this Court that she was given an unfair loan or loans; therefore the mortgage loan transaction should be rescinded and declared null and void.

127.    The Court should declare that the Defendants are liable for all damages inflicted by its actionable conduct in providing the Plaintiff with unfair and deceptive mortgage loan

128.    As a result of Defendants' breaches, Plaintiff has retained the legal services of attorneys and is entitled to recover reasonable attorneys' fees and costs of this litigation.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment against the Defendants, awarding Plaintiff damages in the amount prescribed by law, awarding attorneys' fees and costs associated with litigating this claim, and granting such further relief as the Court deems just and proper.

<u>COUNT XIII</u>
<u>EQUITABLE TOLLING</u>

Plaintiff re-adopts and re-alleges each and every allegation contained in paragraphs 1-128 of the Complaint as if fully set forth below, and further states the following:

129.    Defendants' causes of Action were concealed from Plaintiff was. Plaintiff was actively misled by the Defendants. The Defendants concealed their misrepresentations from the Plaintiff pertaining to the options for services rendered and to whom the fees, as disclosed on the Settlement Statement, were being paid.  For example, it was never disclosed to Plaintiff, nor was it apparent from the Settlement Statement, that fee sharing existed and that other concealed practices existed which included monies paid to and from the Settlement Services Company, the Property Appraiser, the Mortgage Broker, the Mortgage Loan Processor, the Notary Services

25

Agent, Document Preparation Processor, and other inter-related company agents of the lenders and the associated services.

**WHEREFORE**, Plaintiff respectfully requests a rescission of the mortgage and the cancellation of the security interest on its property, attorney's fees and costs and for this honorable Court to grant such other and further relief that it deems just and proper.

**COUNT XIV**
**CREDIT REPAIR ORGANIZATIONS ACT**

Plaintiff re-adopts and re-alleges each and every allegation contained in paragraphs 1-129 of the Complaint as if fully set forth below, and further states the following:

130.    Defendant(s) violated the CROA by filling out Plaintiff's loan application to overstate Plaintiffs income and assets.

131.    1679b. Prohibited practices:

    (a)    In general.  No person may--

        (1)    make any statement, or counsel or advise any consumer to make any statement, which is untrue or misleading (or which, upon the exercise of reasonable care, should be known by the credit repair organization, officer, employee, agent, or other person to be untrue or misleading) with respect to any consumer's credit worthiness, credit standing, or credit capacity to

    (b)    any person—(i) who has extended credit to the consumer; or
        (ii) to whom the consumer has applied or is applying for an extension of credit....

132.    CROA §1679b provides:

1679g. Civil liability

(a) Liability established. Any person who fails to comply with any provision of this title [15 USC §§1679 et seq.] with respect to any other person shall be liable to such person in an amount equal to the sum of the amounts determined under each of the following paragraphs:

26

(1)     Actual damages. The greater of the amount of any actual damage sustained by such person as a result of such failure in the case of any action by an individual, such additional amount as the court may allow....

    a)     Appropriate damages;

    b)     Rescission or reformation of Plaintiffs' loan;

    c)     Attorney's fees, litigation expenses and costs; and

    d)     Such other and further relief that the Court deems just and equitable in the circumstances.

**WHEREFORE**, Plaintiff request that the Court enter judgment in favor of Plaintiff Adriana Silva against Countrywide Home Loans, Inc. for $ 75,000.00.

## RELIEF SOUGHT

Plaintiff re-adopts and re-alleges each and every allegation contained in paragraphs 1-132 of the Complaint as if fully set forth below, and further states the following:

133.    That the Plaintiff be awarded all costs he incurred as a result of Defendants' breach of contract and failure to act in good faith;

134.    That the actions of the Defendants be determined in violation of the Truth in Lending Act, for the non-compliance of 12 C.F.R. § 226.4, 17 and 18 and 12 C.F.R. §§ 226.5 and 226.5b;

135.    That the Plaintiff be awarded the right to rescind the mortgage loan transaction because of Defendants TILA violations and unfair or deceptive practices under Florida law;

136.    That the mortgage loan transaction be deemed void as result of the Defendants many breaches of TILA, RESPA, FCRA and the Florida statutes.

27

137.    That the damages are awarded as provided by 15 U.S.C. § 1640(a);

138.    That the Court award Plaintiff all relief to which is entitled under the Fair Credit Reporting Act, including an award of punitive damages against the Defendants, for willful violations of the FCRA; That the Court declare that Defendants must prove it is the record owner of the note and mortgage underlying the mortgage loan transaction, otherwise it has no enforceable claims against the property;

That the actions of the Defendants be determined to be unfair and deceptive business practices in violation of Florida law and that this Court award all such relief to Plaintiff that may be entitled to, including treble damages and an award of costs and attorneys' fees; and That the Court award such other relief as it deems just and proper.

**WHEREFORE,** having set forth various causes of action against Defendants, Plaintiff prays for the following relief:

## DEMAND FOR TRIAL BY JURY

The Plaintiff demand a trial by jury of Plaintiffs' claims.

Plaintiff reserves the right to amend this Complaint, asserting other facts and causes of action after further investigation and discovery.

Dated: December 29, 2008                    Respectfully Submitted,

Bryan Manno, Esq.
Law Offices of Manno & Dinnerstein, P.A.
Attorney for Plaintiff
950 South Pine Island Road, Suite A-150
Plantation, FL 33324
Telephone: 954-727-8101
Facsimile: 954-727-8102

By:  _____

**Bryan Manno, Esq.**
**FL Bar No: 0414573**

28

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS

Adriana Silva

**(b)** County of Residence of First Listed Plaintiff  Broward

(EXCEPT IN U.S. PALINTIFF CASES)

**(c)** Attorney's (Firm Name, Address and Telephone Number)

Manno & Dinnerstein, P.A.
950 South Pine Island Road
Suite A-150
Plantation, Florida 33324
Telephone: 954-727-8101
Facsimile: 954-727-8102

### DEFENDANTS

Countrywide Home Loans; Does 1-100; Trustees 1-100

County of Residence of First Listed Defendant    Los Angeles

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

0:08CV62098-Zloch-Snow

**(d)** County Where Action Arose:   ☐ MIAMI-DADE  ☐ MONROE   X BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

X 3  Federal Questions (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place Of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **Personal Injury** | **Personal Injury** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instruments | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers | Injury Product | ☐ 650 Airline Regs | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **Personal Property** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth In Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (US Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl Ret Inc Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing / | **Habeas Corpus:** | Act | ☐ 871 IRS - Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | Under Equal Access to Justice |
| X 290 All Other Real Property | ☐ 445 Amer w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization | | |
| | Employment | ☐ 550 Civil Rights | Application | | ☐ 950 Constitutionality of State |
| | ☐ 446 Amer w/Disabilities - | ☐ 555 Prison Conditions | ☐ 463 Habeas Corpus-Alien | | Statutes |
| | Other | | Detainee | | |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

X 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Re-filed- (see V! below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgement

### VI. RELATED/RE-FILED CASE(S).

(See instructions second page):    a) Re-filed Case ☐ Yes ☐ No        b) Related Cases ☐ Yes ☐ No

JUDGE                                    DOCKET NUMBER

### VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity):**

(RESPA) 12 U.S.C. 2601 et. seq.; (TILA) 15 U.S.C. 1602 et. seq.

LENGTH OF TRIAL via _4-5_ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION      DEMAND $      CHECK YES only if demanded in complaint:

UNDER F.R.C.P. 23                                 JURY DEMAND:  X Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**   SIGNATURE OF ATTORNEY OF RECORD   DATE   12/29/08

350.00   Receipt 645075